

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Nunez v. Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nunez v. Lindsay" (2008). *2008 Decisions.* Paper 875.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/875

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3307
_____

GERSON NUNEZ,
                              Appellant

v.

CAMERON LINDSAY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-1413)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
May 2, 2008

Before: RENDELL, JORDAN and ROTH, <u>Circuit</u> <u>Judges</u>

(filed: July 8, 2008 )
_____

OPINION
_____

PER CURIAM

        Gerson Nunez appeals a judgment of the District Court denying his petition for a

writ of habeas corpus.  We will reverse.

        Nunez is serving a sentence of 151 months at Federal Prison Camp-Canaan, in

Waymart, Pennsylvania, for a series of drug-related offenses. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Proceeding in forma pauperis, Nunez sought an order directing the Bureau of Prisons ("BOP") to transfer him to a specific halfway house, or Community Correctional Center ("CCC"), until his release in 2010. The District Court denied the petition, and Nunez moved for reconsideration. The District Court denied his motion for reconsideration, and Nunez timely appealed.

The District Court had jurisdiction under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-244 (3d Cir. 2005). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Id. at 239 n.3.

In 2004, Nunez filed an Inmate Request to Staff form, requesting to be placed at one of three CCCs. On December 2, 2004, the BOP denied the request, noting that Nunez was not eligible for transfer at that time. Nunez appealed through all levels of the BOP administrative remedy process. On November 3, 2005, the Regional Director affirmed the denial of a transfer on the basis of 28 C.F.R. § 570.21(a), which provides: "a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." See 28 C.F.R. § 570.21(a), invalidated by Woodall, 432 F.3d at 244. As Nunez was not within ten percent or six months of his release, scheduled for March 2010, the BOP determined he was ineligible for a transfer to a CCC under

2

§ 570.21(a).

We invalidated this regulation because it conflicted with the statutory scheme. Woodall, 432 F.3d at 249. Title 18 of the United States Code, Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment," based on several enumerated factors, including:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission . . . .

18 U.S.C. § 3621(b). Title 18 of the United States Code, Section 3624(c) directs the BOP, when possible, to place prisoners during the last ten percent of their incarceration, not to exceed six months, in facilities (such as CCCs) that offer a "reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c). In Woodall, we determined that the temporal restriction on transfers to CCCs imposed by 28 C.F.R. § 570.21(a), i.e., that the Board would not consider a prisoner's transfer until he was already statutorily eligible for the placement, precluded the BOP from giving effect to the factors mandated by § 3621(b). 432 F.3d at 249 (noting "unavoidable" conflict between BOP regulation and governing statute). Accordingly, we invalidated the regulation.

The BOP denied Nunez's request pursuant to the very regulation that Woodall

3

invalidated the regulation one month after the Reginoal Director's reliance on it. While Nunez does not have a right to a transfer, he has a right to have his request considered in line with the appropriate factors. So that the BOP can properly consider the request, we will REVERSE the judgment of the District Court and REMAND with instructions for the BOP to consider Nunez's transfer request without the limitation contained in the invalidated regulation.